UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 4:25-cv-00759

———

**Patrice Mogaka,**
*Plaintiff,*
v.
**United States Department of Defense et al.,**
*Defendants.*

———

# ORDER

Plaintiff, proceeding pro se and in forma pauperis, brought this lawsuit seeking a declaratory judgment, damages, and injunctive relief. Doc 1. The case was referred to a magistrate judge, who informed plaintiff that his complaint failed to state a claim and ordered him to file an amended complaint. Doc 9. Rather than filing an amended complaint, plaintiff filed a motion for default judgment. Doc. 10. Thereafter, the magistrate judge issued a report recommending that plaintiff's complaint be dismissed with prejudice for failure to state a claim. Doc. 11 at 3. Plaintiff timely objected to the report. Doc. 12.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Plaintiff objects that the magistrate judge improperly construed his complaint as attempting to assert a claim for patent

- 1 -

infringement. Doc. 12 at 1. Plaintiff clarifies in his objections that he filed his complaint "for Negligence, Intellectual Property damage and intellectual property defamation." *Id*. However, plaintiff has not identified, nor is the court aware of, any legal basis for claims of "intellectual property damage" or "intellectual property defamation." Furthermore, plaintiff's complaint does not plead the elements of negligence or defamation. *See* Doc. 1. To the extent that plaintiff intended to state such claims, the magistrate judge informed plaintiff that his pleadings were insufficient. Doc. 9. Plaintiff was given an opportunity to replead and failed to do so. Thus, plaintiff's objections are overruled.

Having reviewed the report de novo and being satisfied that there is no error, the court accepts the report's findings and recommendations. All claims in this action are dismissed with prejudice. Any pending motions are denied as moot.

*So ordered by the court on March 30, 2026.*

J. CAMPBELL BARKER
United States District Judge